# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Carlos Nogales, )<br>)<br>                Plaintiff, )<br>)<br>v. )<br>)<br>United States of America, H.S.I., and )<br>Paul Criswell, )<br>)<br>)<br>                Defendants. )<br>) | Civil Action No.: 2:20-cv-03669-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Carlos Nogales, a federal prisoner who is proceeding *pro se*,[1] brought this action against the above-captioned Defendants under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346 alleging Defendants destroyed his personal property during his arrest in March 2012. (*See* ECF No. 1.) This matter is before the court upon review of the Report and Recommendation issued by the Magistrate Judge in January 2021 ("Report"). (ECF No. 7.) The Report recommended that the court summarily dismiss this case because it is duplicative of a prior case brought by Plaintiff and is thus barred by *res judicata*. (*Id.* at 6-9.) Plaintiff has entered Objections to the Report. (ECF No. 12.) For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 7), **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 11), and **DISMISSES** the instant case.

---

[1] The court denies Plaintiff's Motion to Appoint Counsel based on the duplicative nature of the instant suit. (ECF No. 11.) Thus, "[b]ecause he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

Plaintiff was arrested in March 2012, and his "iPhone, wallet, sunglasses, hat, and currency in the amount of $5,940.00" were seized by law enforcement. (ECF No. 7 at 1-2.) In 2015, after a request for his items, the Government admitted Plaintiff's "wallet and iPhone were deemed abandoned and destroyed." (*Id.* at 2 (citations omitted).) Although Plaintiff's property could not be returned, the court ordered the Government to reimburse Plaintiff in the amount of $5,940.00, which it did by check in 2016. (*Id.* at 2 & n.2.)

Despite this reimbursement, Plaintiff filed a civil action for damages based upon the destruction of his property, highlighting *Bivens v. Six Unknown Fed. Narcotics Agents* for support. 403 U.S. 388 (1971). (*See* ECF No. 7 at 2-3.) The case was dismissed because "Congress clearly 'did not intend to provide a remedy for Fifth Amendment violations[,]'" as "Congress had already legislated a private cause of action for the negligent loss of property caused by federal actors when it enacted the FTCA; in doing so, however, Congress explicitly decided to exclude claims involving law enforcement officers, like Agent Criswell, from the statutory remedy." (*Id.* at 3 (citations omitted).)

Plaintiff thereafter filed a Motion in his underlying criminal case again seeking damages from the Government for destroying his property, raising nearly identical arguments as in his past civil action but purportedly relying on the FTCA rather than *Bivens*. (*Id.* at 4.) The court then assigned this matter a separate civil action number as part of a new civil case. (*Id.*)

The Magistrate Judge entered the Report in January 2021, suggesting this case be dismissed because, "[a]lthough characterized under the FTCA, Plaintiff's claims in the instant case are virtually unchanged from those alleged in his previous *Bivens* action." (*Id.* at 6.) The Magistrate Judge observed that Plaintiff simply restated his prior contentions concerning a potential Fifth Amendment violation "almost verbatim." (*Id.* at 6.) The Magistrate Judge further stressed that

even if construed as an FTCA claim, this matter "would still be subject to summary dismissal as duplicative and frivolous." (*Id.* at 7.) In particular, the Magistrate Judge explained she had

> addressed the applicability of the FTCA in the previous Report and Recommendation in evaluating whether Plaintiff's claims warranted a new implied remedy under *Bivens*. As part of that discussion, the undersigned noted that although the FTCA provides for a limited waiver of sovereign immunity by allowing a plaintiff to recover damages for loss of property caused by a federal employee, certain categories of claims are exempt from this waiver. Specifically, § 2680(c) provides that the waiver of immunity in § 1346(b) shall not apply to [a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer. Based on the weight of the relevant case law, the undersigned concluded that "the detention and destruction of [Plaintiff's] property fit squarely within the exception under § 2680(c).

(*Id.* at 7-8 (internal citations and quotation marks omitted).) Lastly, the Magistrate Judge recommended this matter "be deemed a 'strike' for purposes of the Prison Litigation Reform Act's ("PLRA") 'three strikes rule' in light of its frivolousness."[2] (*Id.* at 9.)

Plaintiff later filed Objections to the Report, conceding "that the injury and the actions by the Government in the destruction of his property have not changed and he cannot state otherwise as the facts are the same. The only change here is the vehicle to which he now seeks relief[.]" (ECF No. 12 at 1.)

---

[2] As the Magistrate Judge outlined, the three strikes rule states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). (*See* ECF No. 7 at 9.)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Here, the court concludes Plaintiff's objections restate arguments that are adequately addressed by the Report. (*See* ECF No. 7 at 6-9.) Moreover, the Magistrate Judge's Report and Recommendation in Plaintiff's previously dismissed civil action likewise sufficiently addressed the contentions Plaintiff again raises. *See Nogales v. United States of America*, 2:18-cv-01334-JMC-MGB, ECF No. 38 at 14-20 (D.S.C. 2019). And in the instant case alone, Plaintiff's objections substantively mirror arguments raised previously, including contentions that the FTCA allows for recovery of damages in the instant case. (*Compare* ECF Nos. 1 at 7-9, *with* ECF No. 12 at 1-3.) A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief).

4

The court declines to hear Plaintiff's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-CV-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). The court finds no clear error on the face of the record and adopts the Report herein. Plaintiff's objections are overruled.

Thus, the court **ACCEPTS** the Report and adopts the findings herein (ECF No. 7), **DENIES** the Motion to Appoint Counsel (ECF No. 11), and **DISMISSES** this case. This matter shall count as one "strike" under the PLRA due to its frivolous nature.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

April 27, 2021
Columbia, South Carolina